IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **ROCHELLE DRIESSEN,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:16-cv-01066-O-BP |
| **INNOVATE LOAN SERVICING, CORPORATION d/b/a INNOVATE AUTO FINANCE and CAPROCK AUTO REMARKETING,** | § § § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The above-styled and numbered cause of action was filed by Plaintiff Rochelle Driessen, on November 21, 2016. Although more than 90 days have passed since the filing of the original complaint, no proof of service on Defendants is on record in this cause. Fed. R. Civ. P. 4(m). The Court issued an Order on April 19, 2017 directing Plaintiff to file proof of proper service or show good cause why such proof could not be filed. ECF No. 14. Plaintiff filed her Notice of Change of Address along with Summons Returned Unexecuted in regards to both Defendants on May 8, 2017. ECF Nos. 16, 17, 18, 19, 20. Upon finding that Plaintiff had established good cause to extend the time required to file proof of service on both Defendants, the Court ordered that Plaintiff file proof of proper service on or before June 30, 2017. As of the date of this order, proof of proper service has not been filed.

Under Rule 4(m) of the Federal Rules of Civil Procedure, if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice after giving

notice to the plaintiff. Fed. R. Civ. P. 4(m). However, if the plaintiff shows good cause for the failure to prove service, the court must extend the time for service for an appropriate period. *Id.* In the instant action, the Court extended the time required for Plaintiff to file proof of proper service after finding good cause to do so and warned Plaintiff that her claims would be dismissed if proof of proper service was not filed. Plaintiff failed to file proof of proper service within the extended deadline. Therefore, the undersigned RECOMMENDS, that United States District Judge Reed O'Connor DISMISS Plaintiff's claims without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff is cautioned that her claims could be barred by the statute of limitations should Judge O'Connor dismiss her claims. Plaintiff in her Complaint brings her claims pursuant to the Truth in Lending Act, 15 U.S.C. § 1601, and the UCC. Plaintiff should be aware that claims brought under the Truth in Lending Act are subject to a one year statute of limitations. U.S.C. § 1640(e). Different statute of limitation periods may apply for Plaintiff's other claims, including but not limited to, claims under the UCC.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

  It is so **ORDERED** on July 5, 2017.

                _____
                Hal R. Ray, Jr.
                UNITED STATES MAGISTRATE JUDGE