**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **ROCHELLE DRIESSEN,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| **v.** § | **Civil Action No. 4:16-cv-01066-O-BP** |
| § | |
| **INNOVATE LOAN SERVICING CORP.** § | |
| **and CAPROCK AUTO** § | |
| **REMARKETING** § | |
| § | |
| **Defendants.** § | |

## <u>ORDER</u>

Before the Court is the Findings, Conclusions and Recommendation of the Magistrate Judge (ECF No. 27), filed July 5, 2017. Also before the court is Plaintiff's Objections to the Findings, Conclusions, and Recommendations of United States Magistrate Judge (ECF No. 28), filed July 17, 2017. Having considered the motions, the Court **DOES NOT ADOPT** the Findings, Conclusions and Recommendations.

## I. BACKGROUND

The Findings, Conclusions, and Recommendations ("FCR") found that Plaintiff did not present the Court with proof of proper service or with good cause why such proof could not be filed. FCR at 2 ECF No. 27. Plaintiff's Objections detail her attempts to mail the summons by certified mail with return receipt requested. Pl.'s Obj. ¶ 3 ECF No. 28. Plaintiff explained that the U.S. Postal Service left a notice with Defendant to pick up the certified mail or have it redelivered. The first delivery was unsuccessful because there was no authorized agent present. (ECF No. 28). Plaintiff pointed out that the deadline to pick up the mail was June 28, 2017 and as of the date of

1

filing, July 17, 2017, Plaintiff had not received any returned mail from the Post Office, leaving the state of the summons unclear. Pl.'s Obj. at 2, ECF no. 28.

The Court finds that Plaintiff's Motion to Extend Time for Service of Process[1] (ECF No. 29), filed August 10, 2017, shows good cause pursuant to Rule 4(m) to allow for an extension of time to serve Defendant. Rule 4(m) of the Federal Rules of Civil Procedure provides that "if the plaintiff shows good cause for the failure [to properly serve defendant], the court must extend the time for service for an appropriate period."

## II.  LEGAL STANDARD

"The burden of showing 'good cause' is on the plaintiff." *Hunt v. Smith*, 67 F. Supp. 2d 675, 684 (E.D. Tex. 1999) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).  To establish good cause a plaintiff must show more than "inadvertence, or mistake of counsel, or ignorance of the rules." *Strain v. Kaufman Cnty. Dist. Attorney's Office*, 23 F. Supp. 2d 685, 697 (N.D. Tex. 1998) (Bilby, J.) (internal quotation marks and citation omitted).  Good cause requires "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)) (internal quotation marks omitted).

## III. ANALYSIS

Plaintiff showed that she attempted delivery by mail to Defendant within the allotted time and has not received notice of failure of that delivery. Pl.'s Mot. Ext. ¶ 3, ECF 29. In an attempt to comply with the Federal Rules of Civil Procedure, Plaintiff has requested to re-serve Defendant by filing with the Texas Secretary of State, in accordance with Federal Rules of Civil Procedure

---

[1] Because Plaintiff is requesting additional time to serve the Defendant, the Court will treat Plaintiff's Motion for Re-Issuance of Summons on Defendant as a Motion to Extend Time for Service of Process.

Rule 4(h)(1)(A)-(B). Rule 4(h)(1)(B) allows for service of a corporation to take place by "delivering a copy of the summons [to] any other agent authorized by appointment or by law to receive service of process." Under Section 5.251 of the Texas Business Organization Code, the Secretary of State may serve as an agent for the purposes of service of process if the entity is a "filing entity" and "(A) the entity fails to appoint or does not maintain a registered agent in this state; or (B) the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity."

## IV. CONCLUSION

Plaintiff's Objections demonstrate her reasonable diligence to serve Defendant at its registered office. Under Texas Business Organization Code Section 5.251 the Secretary of State is an appropriate proxy for service. The Court finds that Plaintiff has demonstrated good cause for her failure to properly serve Defendant within the appropriate period. Accordingly, Plaintiff's Motion to Extend Time for Service of Process (ECF No. 29), filed August 10, 2017 is hereby **GRANTED**. Plaintiff must properly serve defendant on or before **November 22, 2017**.

**SO ORDERED** on this **22nd day** of **August, 2017**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**