IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROCHELLE DRIESSEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-01066-O-BP |
| | § | |
| INNOVATE LOAN SERVICING, | § | |
| CORPORATION d/b/a INNOVATE | § | |
| AUTO FINANCE and CAPROCK AUTO | § | |
| REMARKETING, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Summary Judgment (ECF No. 8), filed December 8, 2016. Plaintiff's first complaint was dismissed for lack of jurisdiction on January 13, 2017. ECF No. 9. Plaintiff properly amended her complaint on January 24, 2017. ECF No. 10. However, Plaintiff had not yet provided proof of proper service on Defendants when the Motion for Summary Judgment was filed, and in fact the complaint still awaited proper service on July 5, 2017. ECF No. 27. As no court can enter a judgment against a defendant without there first being proper service of process against that defendant under Rule 4 of the Federal Rules of Civil Procedure, the undersigned RECOMMENDS that United States District Judge Reed O'Connor DENY Plaintiff's Motion for Summary Judgment.

A party can move for summary judgment at any time, even at the commencement of the action. Fed R. Civ. P. 56(b) & advisory committee's note to 2009 amendment. However, the trial court may consider an early motion to be premature. 10A Charles Alan Wright & Arthur R. Miller,

*Federal Practice and Procedure* § 2718 (4th ed. 2008). "Thus . . . it is within the trial court's discretion to deny a motion for summary judgment without prejudice to its being renewed at a later time and the court may grant a renewed motion upon a showing of good cause." *Id.*; *see also Jones v. Wike*, 654 F.2d 1129, 1130 (5th Cir. 1981) (per curiam) (holding that the district court "did not abuse its discretion in reconsidering its initial order denying summary judgment in light of the new affidavits"); *Curran v. Kwon*, 153 F.3d 481, 487 (7th Cir. 1998) (holding that a district judge's denial of summary judgment does not bar the submission of a later, second motion for summary judgment).

A federal court cannot enter a valid judgment in the absence of jurisdiction over the defendant's person. 4 Wright & Miller § 1063; *see also Recreational Properties, Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986) ("If a court lacks jurisdiction over the parties because of insufficient service of process, the judgment is void and the district court must set it aside."). Proper service of process is required because it gives notice to the defendant that an action is pending. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 700 (1988). "[A] judgment entered without notice or service violates the Due Process Clause." *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80 (1988).

Though the Plaintiff's Motion for Summary Judgment has been pending for over eight months, consideration of Plaintiff's motion at this time would be premature because the Defendants have not yet been served or appeared in this case, discovery has not been undertaken, and any judgment now entered would be void. It is within the Court's discretion to deny a motion for summary judgment without prejudice to a later renewal. The undersigned therefore RECOMMENDS that Judge O'Connor DENY Plaintiff's Motion for Summary Judgment without

prejudice to the Plaintiff's right to move for summary judgment or other affirmative relief at a later date, after proper service of process on the Defendants.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on August 24, 2017.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE