**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ROCHELLE DRIESSEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:16-cv-01066-O-BP** |
| | § | |
| **INNOVATE LOAN SERVICING,** | § | |
| **CORPORATION d/b/a INNOVATE** | § | |
| **AUTO FINANCE and CAPROCK AUTO** | § | |
| **REMARKETING,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 41), filed October 27, 2017; Defendants' Response to Plaintiff's Motion for Summary Judgment (ECF No. 41) with brief (ECF No. 43) and appendix (ECF No. 44) in support, filed November 16, 2017; and Plaintiff's Reply (ECF No. 45), filed November 30, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on February 2, 2017. ECF No. 12. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion for Summary Judgment (ECF No. 41).

**BACKGROUND**

Plaintiff Rochelle Driessen ("Dreissen"), proceeding *pro se*, sues Defendants Innovate Loan Servicing Corporation d/b/a Innovate Auto Finance ("Innovate") and Caprock Auto Remarketing ("Caprock") (collectively, the "Defendants") for breach of contract and violation of the Truth in Lending Act ("TILA"). ECF No. 10 at 1. Driessen argues that Defendants'

repossession of her vehicle when she was not in default is a violation of TILA and a breach of the Simple Interest Retail Installment Contract (the "Contract") by which she purchased her vehicle. *Id.* at 2; ECF No. 43 at 6.

On January 3, 2014, Driessen alleges that she executed the Contract with Florida Cars USA for the purchase of a 2004 Toyota Corolla, with monthly payments beginning on February 17, 2014, in the amount of $314.45. ECF No. 10 at 3. Innovate purchased the Contract either in June 2014, according to Driessen, or on May 23, 2014, according to the Defendants. *Id.*; ECF No. 43 at 6. Driessen allegedly began to fall behind in her payments in June 2015. ECF No. 43 at 7. Innovate caused Driessen's automobile to be repossessed on or about October 24, 2016. ECF Nos. 10 at 3 and 43 at 7. Driessen paid the remaining balance and redeemed her vehicle on November 3, 2016. ECF Nos. 10 at 8 and 43 at 7.

According to Driessen, she made her final car payment of $258.74 on August 3, 2016, using an online payment system. ECF No. 10 at 4. When she made that payment, the online system allegedly displayed a balance of $0 and was unable to take any further payments. *Id.* She later received an invoice from Innovate stating that there was a further balance on her account, which she disputed via a letter sent to Innovate on September 7, 2016. *Id.* at 4 and 10-C. She therefore argues that she was not in default when Innovate repossessed her vehicle. *Id.* at 6.

According to the Defendants, Driessen's payment on August 3, 2016, was a late payment actually due on July 17, 2016, which would have been Driessen's final payment had she paid on time. ECF No. 43 at 7. Innovate sent invoices and made collection calls to Driessen after the August 3, 2016, payment. *Id.* According to the Defendants, Driessen did not make another payment until November 2016, when she redeemed her vehicle. *Id.*

Driessen seeks damages in the amount of $13,562.51 for all payments made on the Contract, as well as all fees associated with the repossession and later return of her vehicle. ECF No. 10 at 9. She also seeks an injunction to remove the repossession from her credit reports and all other relief to which she is entitled. *Id.*

Driessen submitted no documents or other evidence to her summary judgment motion. *See* ECF No. 41. She submitted an Appendix to her Motion for Summary Judgment on November 30, 2017, after Defendants had submitted their Response and on the same day she submitted her Reply. ECF No. 46. This Appendix contains no documents and refers back to Defendants' Disclosure, Defendants' Original Answer, and Plaintiff's First Amended Complaint. *Id.*

Defendants submitted the following evidence with their Response: the affidavit of Scott France, who is the Chief Marketing Officer and interim Chief Operating Officer of Innovate and was previously the owner of Caprock; a Vehicle Redemption Receipt and Release (the "Release") that Driessen signed when she redeemed her vehicle; and the affidavit of Eric Whiteman, who is the Vice President of Operations of Innovate. ECF No. 44.

## LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996). The citations to evidence must be specific, and "a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." Local Civil Rules of the Northern District of Texas 56.5(c).

## ANALYSIS

This lawsuit concerns the Contract between the parties for Driessen to pay for her automobile in installments, under which the Defendants repossessed her vehicle. Driessen asserts two causes of action: a violation of the Truth in Lending Act and a breach of contract claim. The Defendants respond that there exist disputes of material fact on both of these claims, that Driessen has not sufficiently addressed their affirmative defenses, and that the Court should strike Driessen's Motion for a number of procedural defects. Because Driessen has not met her burden in establishing her claims and because there exist disputes of material fact, the undersigned recommends that Driessen's Motion for Summary Judgment be denied.

4

I.    **Summary judgment should not be granted for Driessen on violations of the Truth in Lending Act, because she has not established the elements of any violation of TILA and because there exist genuine issues of material fact.**

Congress enacted TILA with the purpose of assuring a meaningful disclosure of credit terms and terms of leases of personal property, as well as protecting the consumer against inaccurate and unfair credit billing and credit card practices. 15 U.S.C. § 1601. TILA comprises a large number of sections within the United States Code, with corresponding regulations, appendices, and supplements. 14 U.S.C. §§ 1601 *et seq.*; 12 C.F.R. §§ 226.1 *et seq.*

Though Driessen moves for summary judgment on the argument that Defendants' repossession of her car when she was not in default constitutes a violation of TILA, she has not stated anywhere what provision of TILA applies to the facts she alleges. *See* ECF No. 41 at 2. She argues at one point that Defendants violated TILA by requiring a smaller final payment than the regular monthly payment, but it is unclear how such constitutes a lack of disclosure under any provision of TILA or if this claim is the entirety of her TILA claim. *Id.* at 17. Driessen cites *Robinson v. Central Loan & Finance Corporation*, noting that the plaintiff in that case had alleged generally that the defendant had violated TILA and that "truth in lending cases typically involve little dispute of the underlying facts, and the loan contract itself is the principal and often exclusive evidence of the loan company's liability." 609 F.2d 170, 171–72 (5th Cir. 1980). However, *Robinson* also notes that the plaintiff later stated the alleged violations more specifically, and that summary judgment was granted to the defendant. *Id.* at 171.

While it may be true that truth in lending cases typically involve little dispute of the underlying facts, plaintiffs still must be clear on their allegations of law and establish that they are entitled to judgment. Summary judgment is only appropriate if the moving party can show that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "When the party with the burden

5

of proof is the movant, it must establish each element of its claim as a matter of law." *JMC Const. LP v. Modular Space Corp.*, Civ. A. No. 3:07CV01925-B, 2008 WL 4790993, at *3 (N.D. Tex. Oct. 30, 2008) (Boyle, J.) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). Because Driessen does not state in her Motion for Summary Judgment how the facts alleged violated any provision of TILA, she has not met her burden in this regard and is not entitled to summary judgment.

The Defendants also argue that the Court should not grant summary judgment because Driessen did not submit the Contract or any other evidence with her Motion for Summary Judgment. ECF No. 43 at 5–6. Federal Rule of Civil Procedure 56(c) requires that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Driessen filed no evidence with her Motion for Summary Judgment or her belated Appendix. ECF Nos. 41 and 46. Instead, she cited only to material found in her Complaint, in the Defendants' Answer, or without any presence in the record. *See* ECF No. 41. A complaint is not evidence, and parties cannot use pleadings to create an issue of fact. *Skennion v. Godinez*, 159 Fed. App'x 598, 601 n.1 (5th Cir. 2005) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 794 (5th Cir. 1990)). Driessen has not submitted competent summary judgment evidence with which she could be entitled to judgment in her favor.

In addition, the Defendants submit evidence and argue that genuine disputes of material fact do exist. Defendants submit the affidavit of Eric Whiteman, the Vice President of Operations of Innovate, who makes the sworn statement that Driessen was in default on her Contract when Innovate caused her vehicle to be repossessed. *Id.* at 6–7. This evidence directly contradicts

Driessen's claim that Innovate violated TILA by repossessing her car while her Contract was not in default, and it thus creates a genuine issue for trial. Defendants have demonstrated a genuine issue of material fact, and therefore summary judgment should not be granted for Drieseesen.

For all the foregoing reasons, the undersigned recommends that Driessen be denied summary judgment on her TILA violation claim.

## II.    Summary judgment should not be granted for Driessen on her breach of contract claim, because she has established the elements of the claim and because there exist genuine issues of material fact.

The parties agree that Florida law applies to Driessen's breach of contract claim. ECF Nos. 10 at 2 and 43 at 10–11. The elements of a breach of contract under Florida law are: "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc*., 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co*., 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 2008)). The Defendants argue that Driessen has not established any of these elements.

The existence of a contract is not in doubt. The contract itself has not been properly submitted for consideration by the Court on summary judgment, as Driessen only attached it to her Complaint. ECF No. 10-A; *see also Skennion*, 159 Fed. App'x at 601 n.1 (noting that pleadings are not evidence). But both parties admit to the existence of a contract in multiple places in the pleadings. *See, e.g.,* ECF Nos. 41 at 9–10 and 44 at 3–4, 6–7. There is no genuine dispute that a contract existed between the parties.

There is a genuine issue of material fact that a material breach of the contract occurred. Because neither party has submitted the Contract to the Court on summary judgment, the terms of the Contract are not established, including any terms that may be in dispute or that the Driessen claims the Defendants breached. Driessen's claim seems to be, simply stated, that the parties

breached the contract by repossessing her vehicle when she was not in default. ECF No. 41 at 1–2. Driessen has provided no competent summary judgment evidence of this alleged breach, relying only on the pleadings, primarily admissions from the Defendants' Answer, which do not establish that the Defendants were in breach. *Id.* at 3–5. The Defendants have provided evidence, in the form of sworn testimony, that Driessen was in default and that the Defendants thus did not breach the contract by repossessing her vehicle. ECF No. 44 at 3–4, 6–7. The Defendants have therefore shown that a genuine issue of material fact exists.

Driessen has not met her burden in establishing damages. Driessen claims a total of $13,562.51 in damages, calculating this total from the total amount of the Contract payments (that is, the entire cost of her car) in addition to expenses and costs related to the redemption of her vehicle after repossession. ECF No. 41 at 9–10. She is unclear as to whether these damages are for her TILA claim, her breach of contract claim, or both. Regardless, because she did not submit any summary judgment proof regarding her damages, she has not established this element.

For all the foregoing reasons, the undersigned recommends that Driessen be denied summary judgment on her breach of contract claim.

## III.    Summary judgment should not be granted because Driessen has not negated the Defendants' affirmative defenses.

A plaintiff moving for summary judgment must negate each affirmative defense properly pleaded by the defendant. *See Fontenot*, 780 F.2d at 1194; *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994). "To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the non-movant's claim or defense." *Cash v. AXA Equitable Life Ins. Co.*,

229 F. Supp. 3d 542, 547 (W.D. Tex. 2017). If the plaintiff points to an absence of evidence supporting the defendant's affirmative defense, then the burden shifts to the defendant to designate specific facts showing there is a genuine issue for trial on its affirmative defense. *Soto v. William's Truck Serv., Inc.*, Civ. A. No. 3:11-CV-3242-B, 2013 WL 487070, at *3 (N.D. Tex. Feb. 8, 2013) (Boyle, J.).

In their Answer, the Defendants raised the affirmative defenses of estoppel, release, waiver, Driessen's own breach of contract, unclean hands, statute of limitations, lack of reliance on the part of Driessen on the Defendants' error or omission, lack of contractual liability on the part of Caprock, and lack of assignee liability on the part of both Defendants. ECF No. 36 at 5–7. Driessen argued against the Defendants' affirmative defenses of estoppel, release, waiver, statute of limitations, lack of contractual liability on the part of Caprock, and lack of assignee liability in her Motion for Summary Judgment. ECF No. 41 at 12–17.

Defendants argue Driessen's claims are barred by estoppel, release, and waiver because she executed a Release on November 9, 2016, according to whose terms she released the auction company, the lender, and other related parties from "any and all claims, promises, and causes of action now existing or which I may have, ever had, now have, or hereinafter may arise or be discovered in any manner arising out of or relating to the condition, *repossession*, transport, or storage of the Vehicle or its accessories or contents." ECF No. 44 at 5 (emphasis added). Driessen argues without support that the Release was only for claims relating to the physical condition of the vehicle, and not a release for claims under the Contract or TILA. ECF No. 41 at 14–15. On its face, the Release is not as narrow as Driessen states, and as a result she has failed to demonstrate that the Defendants' affirmative defenses are insufficient as a matter of law.

9

Driessen also brings up that the Release is not a true and correct copy of Innovate's records, as sworn to in the affidavit, but that it is in fact a copy of her own exhibit from her Amended Complaint, as demonstrated by the header at the top of the page that the Defendants submitted. ECF No. 45 at 5. Driessen can object at this stage that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). But her objection to the Release does not demonstrate that the Release could never be admissible, and the Release does support the Defendants' affirmative defenses of estoppel, release, and waiver.

The Defendants also raised the affirmative defense that Driessen's claim under TILA is subject to the statute of limitations. ECF No. 43 at 13–14. A plaintiff must bring a claim for damages under TILA within one year of the violation. 15 U.S.C. § 1640; *see also Johnson v. HomeBridge Fin. Services, Inc.*, CV H-16-0748, 2017 WL 1403300, at *3 (S.D. Tex. Apr. 18, 2017), *aff'd sub nom. Johnson v. Real Estate Mortgage Network, Inc.*, 705 Fed. App'x 301 (5th Cir. 2017). The violation occurs when the parties enter into the contract or when credit is extended, and "[n]ondisclosure is not a continuing violation for purposes of the statute of limitations." *Johnson*, CV H-16-0748, 2017 WL 1403300, at *3 (quoting *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986)). Driessen brought her suit in November 21, 2016. ECF No. 1. She entered into the contract with Innovate's successor in interest on January 3, 2014, and Innovate purchased the contract in June or May 2014. ECF Nos. 10 at 3 and 43 at 6. Any nondisclosures relating to her loan for which the Defendants could be liable to Driessen occurred, for purposes of TILA, over two years before she brought her suit. Driessen argues without legal support that the TILA violation occurred when the alleged breach of contract occurred on October 25, 2016, but that is

not the law concerning TILA's statute of limitations. *See* ECF No. 41 at 15–16. Driessen has not met her burden of negating Defendants' statute of limitations defense.

Caprock argues that it is not liable for breach of contract or any TILA violation because it never loaned any money or extended any credit to Driessen, never entered into any contract or agreement with Driessen, and is not a creditor or an assignee under TILA. ECF No. 43 at 12. Defendants also submit proof in the form of an affidavit from the former owner of Caprock, who is a current employee of Innovate, swearing to the fact that Caprock is a separate legal entity from Innovate. ECF No. 44 at 3–4. Driessen attempts to negate this defense by claiming that Caprock shares liability with Innovate simply because Innovate wholly owns Caprock. ECF No. 45 at 4. A parent company and a subsidiary are not the same for purposes of corporate law, and a subsidiary is not normally liable for the acts of its parent. *See Orloff v. Saipem, Inc*., 92 Fed. App'x 974 (5th Cir. 2004); *StarTran, Inc. v. Occupational Safety & Health Review Com'n*, 290 Fed. App'x 656, 666 n.7 (5th Cir. 2008). Without more, Driessen has not negated Caprock's defense that it owes no liability, and as such there remains a genuine issue of material fact that precludes summary judgment.

The Defendants further raise the defense that Driessen's claims for violation of TILA are barred by the provisions of 15 U.S.C. § 1641(a), which provides that any action that can be brought against a creditor can be brought against an assignee of the creditor only if the violation is apparent on the face of the disclosure statement, except where the assignment was involuntary. The Defendants argue that they are a voluntary assignee of the creditor but that no violation was apparent on the face of the disclosure statement. ECF No. 43 at 14–15. Driessen attempts to negate this defense by asserting, without proof or further argument, that Innovate is not an assignee of the original creditor and that the assignment was not voluntary, though these facts seem otherwise

undisputed by the parties throughout the entirety of the pleadings. *See* ECF No. 41 at 16–17. Driessen goes on to argue that the violation is apparent from the face of the Contract, because the Contract shows a different monthly amount from the smaller last payment—which the Defendants argue is the result of Driessen's own late payments, rather than the result of any disclosure violation in the original Contract. *See id.* and ECF No. 43 at 7. In any case, as previously stated, Driessen did not submit the Contract as summary judgment evidence, and Driessen cannot negate the Defendant's defense here with only unsubstantiated assertions about the nature of the assignment or the violation, rather than proper proof.

**IV.    The Defendant's objections and motion to strike the Motion for Summary Judgment are improperly filed and as such the Court should not consider the arguments within.**

The Defendants include in their Response to the Motion for Summary Judgment a number of procedural objections to Driessen's Motion for Summary Judgment and move to strike her Motion. The procedural defects they identify are:

> Plaintiff (i) failed to file her brief as a separate document from her Motion as required by Local Rule 56.5; (ii) failed to comply with Local Rule 56.3(a)(b)(c) and (d); (iii) failed to include the materials which she relies upon in an appendix as required by Local Rule 56.6; (v) failed to submit a proposed Order as required by the Scheduling Order; and (v) misrepresents the content of relevant provisions of the UCC.

*Id.* at 15. Defendants also move to strike because Plaintiff's Motion for Summary Judgment mischaracterizes their Answer. *See id.*

The decision to grant a motion to strike is within the court's discretion. *Mercado v. Dallas County, Texas*, 229 F. Supp. 3d 501, 523 (N.D. Tex. 2017) (Fitzwater, J.) (denying a 12(f) motion to strike). "As a general matter, motions to strike are disfavored and disserve the interest of judicial

economy." *Cooper v. Dallas Police Ass'n*, 3:05-CV-1778-N, 2013 WL 1787564, at *6 (N.D. Tex. Apr. 5, 2013) (Horan, J.), *report and recommendation adopted*, 3:05-CV-1778-N, 2013 WL 1787563 (N.D. Tex. Apr. 26, 2013). Though motions for summary judgment do not require a certificate of conference under the Local Civil Rules of the Northern District of Texas, motions to strike do. L.R. 7.1(b), (h). The Defendants cannot avoid this requirement by inserting a motion to strike into their summary judgment response, and they should not request that the Court strike Driessen's Motion for procedural violations while committing a procedural violation of their own. In addition, to strike Driessen's Motion now would require her to make a third motion for summary judgment in this case and require the Court to ignore the Defendants' Response, neither of which would serve the interests of judicial economy. As a result, the Court should in its discretion refuse to grant the objections and the motion to strike.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion for Summary Judgment (ECF No. 41).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on January 23, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE