# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ROCHELLE DRIESSEN, § § § Plaintiff, § § v. § § INNOVATE LOAN SERVICING, et al., § § Defendants. § § | Civil Action No. 4:16-cv-1066-O |

## ORDER

The United States Magistrate Judge Hal R. Ray, Jr. made findings, conclusions, and a recommendation in this case. *See* Jan. 23, 2018 Findings, Conclusions, and Recommendation ("FCR"), ECF No. 47. The FCR recommended that this Court **DENY** Plaintiff's Motion for Summary Judgment (ECF No. 41), filed October 27, 2017. Plaintiff Rochelle Driessen filed objections. *See* Pl.'s Obj., ECF No. 48. Defendant Innovate Loan Servicing Corporation d/b/a Innovate Auto Finance ("IAF") and Defendant Caprock Auto Remarketing ("Caprock") (collectively "Defendants") did not respond to Plaintiff's objections.

The Court conducts a *de novo* review of those portions of the FCR to which an objection was made. Anything that Plaintiff does not specifically object to is subject to plain error review. For the following reasons, Plaintiff's objections are **OVERRULED,** the FCR is **ADOPTED** by the Court, and Plaintiff's Motion for Summary Judgment (ECF No. 41) is hereby **DENIED.**

I.    **BACKGROUND**

Plaintiff brings this suit against Defendants for claims of failure to provide due process pursuant to the terms and conditions of the Simple Interest Retail Installment Contract (the

1

"Contract") in violation of the Federal Truth in Lending Act (the "TILA"). Compl. ¶ 2, ECF No. 1. Plaintiff seeks damages in the amount of $13,562.51 resulting from an alleged illegal repossession of Plaintiff's vehicle. *Id.* ¶ 8.

Plaintiff purchased a 2004 Toyota Corolla (the "Vehicle") from Florida Cars USA in Miami, Florida, on January 3, 2014. *Id.* ¶ 2. Plaintiff entered into the thirty-month Contract with monthly payments in the amount of $314.45 to begin on February 17, 2014. *Id.* ¶ 9, ECF No. 1; Compl. Ex. A (Contract), ECF No. 1-A. Plaintiff began making the monthly payments to Defendant IAF when Florida Cars USA sold the car loan to Defendant IAF in June 2014. *Id.* ¶ 2. On August 3, 2016, Plaintiff paid Defendant IAF for the last time in the amount of $258.74. *Id.* ¶ 3.

Plaintiff contacted Defendant IAF and explained that after she paid $258.74 on August 3, 2016, the account balance was $0.00 and the online payment system would not accept any more payments. *Id.* On September 7, 2016, Plaintiff sent a letter to Defendant IAF explaining the online payment system issue. *Id.* ¶ 13. Defendant IAF mailed Plaintiff a billing statement for $390.51 with a due date of October 17, 2016, upon receipt of the letter. *Id.* ¶ 14.

On October 25, 2016, Par North America, a repossessing agent, repossessed the Vehicle after Defendant IAF placed a repossession order due to Plaintiff's allegedly delinquent account. *Id.* ¶ 2. The repossession agent informed Plaintiff when she tried to recover property from the Vehicle that the last payment Defendant IAF received from her was on August 3, 2016 in the amount of $258.74 and she had an outstanding balance of $390.51 due on the car loan. *Id.* ¶ 3. Defendant IAF also told Plaintiff that she would need to pay a $390.00 repossession fee in addition to the outstanding balance in order to have her car returned. *Id.*

On November 3, 2016, Plaintiff made a final payment to Defendant AIF in the amount of $780.51 for the outstanding balance of $390.51 and the $390.00 repossession fee. *Id.* ¶ 7. Defendant IAF confirmed receipt of the funds and informed Plaintiff that the Vehicle was scheduled to be auctioned by Manheim St. Pete, an automobile auction. *Id.* ¶¶ 7, 16. Caprock submitted a vehicle release form that explained that Plaintiff was responsible for all auction fees. *Id.* ¶ 17. Plaintiff paid $558.02 in auction fees and the Vehicle was released after she signed the Vehicle Redemption Receipt and Release form. *Id.* ¶¶ 17, 19.

On November 9, 2016, Plaintiff received a letter from Defendant IAF dated October 26, 2016, that stated the intent to sell Plaintiff's Vehicle on November 5, 2016. *Id.* ¶ 20. The letter listed $395.63 as the "Amount Due to Redeem Vehicle" and $390.51 as the "Amount Due to Reinstate Contract." *Id.*

Plaintiff brings this suit to enforce the Contract between the parties. Plaintiff subsequently filed a motion for summary judgment, which the Magistrate Judge recommended the Court deny. Plaintiff filed objections and the Court now reviews the objected-to portions of the FCR *de novo*.

## II. LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The movant makes a showing that there is no genuine dispute as to any material fact by informing the court of the basis of its motion and by identifying the portions of the record which

reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id*. at 250.

## III.   ANALYSIS

The Court will conduct a *de novo* review of the objections raised by Plaintiff to the FCR recommending denial of her motion for summary judgment. Plaintiff brings five objections to the FCR, arguing that the Magistrate Judge: (1) improperly failed to consider the Contract in analyzing her motion for summary judgment; (2) improperly held that she failed to bring a claim under TILA; (3) improperly found that she failed to negate the Defendants' defense of release; (4) improperly found that she failed to support her claim for damages; and (5) improperly found that she failed to file the claim within the statute of limitations under TILA. For the reasons below, Plaintiff's objections are **OVERRULED.**

### A.   Inadequate Introduction of the Contract

Plaintiff first objects that the Magistrate Judge misrepresented the facts by stating that the Contract at issue had not been properly introduced as competent summary judgment evidence. Pl.'s Obj. ¶¶ 4–5, ECF No. 48. Essentially, Plaintiff objects to the Magistrate Judge declining to consider the Contract as evidence in support of Plaintiff's motion for summary judgment.

On *de novo* review, the Court finds that the Magistrate Judge did commit error in relying on two cases to deny consideration of the Contract in analyzing Plaintiff's motion. The Magistrate Judge cited two Fifth Circuit opinions, *Skennion* and *Geiserman*, to describe the principle that pleadings are not evidentiary in nature. *See* FCR 6, ECF No. 47 (citing *Skennion v. Godinez*, 159 Fed. App'x 598, 601 n.1 (5th Cir. 2005); *Geiserman v. MacDonald*, 893 F.2d 787, 794 (5th Cir. 1990)). Here, the Contract is not a pleading, but rather a "proper attachment" to the First Amended Complaint (ECF No. 10). *Cf. Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (discussing how courts should consider complaints and their "proper attachments" in the context of a motion to dismiss).

The Magistrate Judge was correct in not considering the Contract in analyzing Plaintiff's motion for summary judgment because Plaintiff did not comply with the Local Rules in submitting her appendix. *See* L.R. 56.6 ("A party who relies on materials in the record . . . to support or oppose a motion for summary judgment must include the materials in an appendix."). Accordingly, the Contract should not have been considered as support for the motion for summary judgment, and Plaintiff's objection is **OVERRULED.**

### B. Failure to Bring a Claim Under TILA

Plaintiff next objects that the Magistrate Judge improperly found that she failed to bring a claim under TILA. Pl.'s Obj. ¶¶ 7–8, ECF No. 48. Specifically, Plaintiff states that "pursuant to 15 USC (sic) § 1601 by failing to protect Plaintiff, the consumer, against the inaccurate and fair credit billing," the Defendants violated TILA. *Id.* The provision that Plaintiff cites to is part of the "Congressional findings and declaration of purpose" section of TILA, and mentions no potential violations for which a claim could be made. 15 U.S.C. § 1601(a). The Magistrate Judge notes that Plaintiff alleges facts she believes are part of a claim, but fails to cite a provision from TILA that

would constitute a claim. *See* FCR 5, ECF No. 47; Pl.'s Mot. Summ. J. ¶ 4, ECF No. 41. The Court shall grant summary judgment only where a movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Plaintiff has failed to establish a claim under TILA that would entitle her to relief. Therefore, Plaintiff's objection is **OVERRULED.**

### C. Defendants' Adequate Support for Release

Plaintiff next objects that the Magistrate Judge improperly found that Defendants' defense of release was supported by the record. Pl.'s Obj. ¶¶ 10–11, ECF No. 48. Plaintiff does not believe that Defendants properly supported their defense because she claims they copied the release listed in the Plaintiff's Amended Complaint and did not provide an original. *Id.* The Federal Rules of Civil Procedure allow for an objection to material cited in support of a fact if there is no way for that material to be introduced into evidence. FED. R. CIV. P. 56(c)(2). Although Defendants have yet to introduce the release properly, there is nothing to suggest that they would be prevented from doing so in the future. Plaintiff has failed to demonstrate that the Release in question would be inadmissible at trial, and her objection is **OVERRULED.**

Furthermore, a plaintiff moving for summary judgment must negate *each* affirmative defense properly pleaded by the defendant, in a manner sufficient to permit the disposition of the claim as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)(emphasis added). Plaintiff addresses Defendant's defenses of estoppel, release, waiver, statute of limitations, lack of liability for assignees, and Caprock not being a party to the Contract in her motion for summary judgment. *See* Pl.'s Mot. Summ. J., ECF No. 41. Plaintiff did not address Defendant's affirmative defenses of unclean hands, Plaintiff's own breach of the Contract, or the lack of detrimental reliance by Plaintiff. *Id*. Plaintiff has not addressed all affirmative defenses in her

motion for summary judgment (ECF No. 41) raised by Defendants. Her motion for summary judgment is therefore **DENIED**.

### D. Failure to Support Claim for Damages

Plaintiff next objects that the Magistrate Judge improperly found that Plaintiff failed to provide support for her damages claim. Pl.'s Obj. ¶ 12, ECF No. 48. Plaintiff claims that she is entitled to recover the full value of the Contract as well as the costs associated with redeeming her car and provides documentation for her payments and costs in her First Amended Complaint. *See* Am. Compl., ECF No. 10. Again, Plaintiff's claims are unsupported by competent summary judgment evidence because she failed to properly submit an appendix in support of her motion for summary judgment in compliance with the Local Rules. *See supra* Part III.A; L.R. 56.6. As Plaintiff's claims for damages are without evidentiary support, this objection is **OVERRULED.**

### E. Failure to File Claim Within the Limitations Period of TILA

Plaintiff finally objects that her claim was filed within the limitations period and the Magistrate Judge improperly held that she did not. Pl.'s Obj. ¶ 13, ECF No. 48. Under TILA, an action may be brought within one year from the date of the violation. 15 U.S.C. § 1640(e). "'The violation "occurs" when the transaction is consummated. Nondisclosure is not a continuing violation for purposes of the statute of limitations.'" *Johnson v. HomeBridge Fin. Servs., Inc.*, CV H-16-0748, 2017 WL 1403300, at *3 (S.D. Tex. Apr. 18, 2017), *aff'd sub nom*; *Johnson v. Real Estate Mortg. Network, Inc.*, 705 Fed. App'x 301 (5th Cir. 2017) (quoting *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986)). Plaintiff entered into the Contract with Defendants' predecessor on January 3, 2014 and filed her claim on November 21, 2016, more than two years after the limitations period began to run. Plaintiff failed to file her claim within the TILA limitations period of one year, and her objection is **OVERRULED.**

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's objections (ECF No. 48) are **OVERRULED**, and the FCR (ECF No. 47) is **ADOPTED** as the findings and conclusions of the Court. Accordingly, Plaintiff's Motion for Summary Judgment (ECF No. 41) is **DENIED** in its entirety.

**SO ORDERED** on this **14th day** of **June, 2018**.

*[Signature]*
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**