IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROCHELLE DRIESSEN, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> INNOVATE LOAN SERVICING § <br> CORPORATION d/b/a INNOVATE § <br> AUTO FINANCE and CAPROCK AUTO § <br> REMARKETING, § <br> § <br> Defendants. § | Civil Action No. 4:16-cv-01066-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants' Motion for Summary Judgment (ECF No. 49), filed April 20, 2018, with brief (ECF No. 50) and appendix (ECF No. 51) in support; Plaintiff's Response to Defendants' Motion for Summary Judgment (ECF No. 53), filed May 7, 2018; and Defendants' Reply (ECF No. 54), filed May 18, 2018. United States District Judge Reed C. O'Connor referred this case to the undersigned for pretrial management by Order entered on February 2, 2017. ECF No. 12. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Motion for Summary Judgment (ECF No. 49).

**BACKGROUND**

Plaintiff Rochelle Driessen ("Driessen"), proceeding *pro se*, sues Defendants Innovate Loan Servicing Corporation d/b/a Innovate Auto Finance ("Innovate") and Caprock Auto Remarketing ("Caprock") (collectively, the "Defendants") for breach of contract and violation of the Truth in Lending Act ("TILA"). ECF No. 10 at 1. Driessen argues that Defendants' repossession of her vehicle when she was not in default is a violation of TILA and a breach of the

Simple Interest Retail Installment Contract (the "Contract") by which she purchased her vehicle. *Id.* at 2.

Driessen alleges that, on January 3, 2014, she executed the Contract with Florida Cars USA for the purchase of a 2004 Toyota Corolla, with monthly payments beginning on February 17, 2014, in the amount of $314.45. ECF No. 10 at 3. Innovate purchased the Contract either in June 2014, according to Driessen, or on May 23, 2014, according to the Defendants. *Id.*; ECF No. 50 at 6. According to Innovate, Driessen began to fall behind in her payments in June 2015, and Innovate assessed late fees to her account. ECF No. 50 at 6. Innovate caused Driessen's automobile to be repossessed on or about October 24, 2016. ECF No. 10 at 3; No. 50 at 7. Driessen paid the remaining balance and redeemed her vehicle on November 3, 2016. ECF No. 10 at 8; No. 50 at 7.

According to Driessen, she made her final car payment of $258.74 on August 3, 2016, using an online payment system. ECF No. 10 at 4. When she made that payment, the online system allegedly displayed a balance of $0 and was unable to take any further payments. *Id.* She later received an invoice from Innovate stating that there was a further balance on her account, which she disputed via a letter sent to Innovate on September 7, 2016. *Id.* at 4 and 10-C. She therefore argues that she was not in default when Innovate repossessed her vehicle. *Id.* at 6.

According to the Defendants, Driessen's payment on August 3, 2016, was a late payment actually due on July 17, 2016, which would have been Driessen's final payment had she paid on time. ECF No. 50 at 6. Innovate sent invoices and made collection calls to Driessen after the August 3, 2016, payment. *Id.* at 6–7. According to the Defendants, Driessen did not make another payment until November 2016, when she redeemed her vehicle. *Id.* at 7. As part of the redemption process, Driessen signed a document entitled Vehicle Redemption Receipt and Release (the "Release"), according to which she released the auction company, the lender, and other related

parties from "any and all claims, promises, and causes of action now existing or which I may have, ever had, now have, or hereinafter may arise or be discovered in any manner arising out of or relating to the condition, repossession, transport, or storage of the Vehicle or its accessories or contents." *Id.*; ECF No. 51 at 5.

Driessen seeks damages in the amount of $13,562.51 for all payments made on the Contract, as well as all fees associated with the repossession and later return of her vehicle. ECF No. 10 at 9. She also seeks an injunction to remove the repossession from her credit reports and all other relief to which she is entitled. *Id.*

Defendants submitted the following evidence with their Motion: the affidavit of Scott France, who is the Chief Marketing Officer and interim Chief Operating Officer of Innovate and was previously the owner of Caprock; a copy of the Release; the affidavit of Eric Whiteman, who is the Vice President of Operations of Innovate, a copy of the Contract; and the vehicle in question's certificate of title. ECF No. 51. Driessen submitted the following evidence with her Response: the Defendants' Answer to her Complaint; the Defendants' Certificate of Interested Persons; a copy of the Contract; and a copy of the Release. ECF No. 53 at 12 *et seq*.

## LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). The citations to evidence must be specific, and "a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." Local Civil Rules of the Northern District of Texas 56.5(c).

## ANALYSIS

The Defendants move for summary judgment on Driessen's breach of contract claim and TILA claim with respect to Caprock because it did not contract with or lend to Driessen, and with respect to all Defendants on the statute of limitations, on 15 U.S.C. § 1641(a), and on the affirmative defenses of waiver and release.

**I.   Summary judgment should be granted for Caprock because Caprock did not contract with or lend to Driessen.**

The parties agree that Florida law applies to Driessen's breach of contract claim. ECF No. 10 at 2; No. 50 at 8. The elements of a breach of contract under Florida law are: "(1) the existence

4

of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. Dist. Ct. App. 2008)).

According to the affidavit of Scott France, the Chief Marketing Officer and interim Chief Operating Officer of Innovate who was previously the owner of Caprock, Caprock was not a party to any agreement or contract with Driessen, never extended or loaned money to Driessen, never serviced her account, had no direct interaction with Driessen, and did not repossess her vehicle. ECF No. 51 at 3–4. In addition, Innovate only acquired Caprock on April 29, 2016, almost two years after Innovate purchased the Contract. *Id.* at 3.

Driessen argues that Caprock assumed "any and all liability of Innovate with respect to its involvement in the repossession of Plaintiff's vehicle" because Caprock is wholly owned by Innovate. ECF No. 53 at 3. Driessen provides no legal support for this argument. A parent company and a subsidiary are not the same for purposes of corporate law, and a subsidiary is not normally liable for the acts of its parent. *See GalenCare, Inc. v. Mosley*, 59 So. 3d 138, 143 (Fla. Dist. Ct. App. 2011) (agreeing with a party that a parent corporation and its wholly-owned subsidiary are separate and distinct legal entities); *Phonometrics, Inc. v. Resinter N. Am. Corp.*, 124 F.3d 229 (Fed. Cir. 1997) ("It is perhaps one of the most basic propositions of corporate law that a subsidiary is not liable for acts of its parent, and vice versa . . . ."); *Orloff v. Saipem, Inc.*, 92 Fed. App'x 974, 975 (5th Cir. 2004) (affirming a grant of summary judgment based on the principle that a subsidiary is not normally liable for the acts of its parent, much less its sister). In addition, Driessen offers no argument for how a subsidiary could be liable for actions its parent company undertook prior to the parent company acquiring the subsidiary.

The Defendants also challenge Driessen's TILA claim against Caprock because Driessen does not state any provision of TILA under which Caprock could be liable, as it is neither a creditor or lender. ECF No. 50 at 8–9. In her Response, Driessen does not specify any provision of TILA in response to this argument. *See* ECF No. 53. Caprock is entitled to summary judgment on Driessen's breach of contract and TILA claims because it has provided uncontroverted evidence that it never contracted with or lent to Driessen.

**II.    The Defendants are entitled to summary judgment on Driessen's TILA claims, under the applicable one-year statute of limitations.**

A plaintiff must bring a claim for damages under TILA within one year of the violation. 15 U.S.C. § 1640(e); *see also Johnson v. HomeBridge Fin. Services, Inc.*, CV H-16-0748, 2017 WL 1403300, at *3 (S.D. Tex. Apr. 18, 2017), *aff'd sub nom. Johnson v. Real Estate Mortgage Network, Inc.*, 705 Fed. App'x 301 (5th Cir. 2017). The violation occurs when the parties enter into the contract or when credit is extended, and "[n]ondisclosure is not a continuing violation for purposes of the statute of limitations." *Johnson*, CV H-16-0748, 2017 WL 1403300, at *3 (quoting *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986)); *see also Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 628 (S.D. Tex. 2010) ("According to the statute, limitations runs from the date each violation occurred. A violation occurs when credit is extended through the consummation of the transaction between creditor and its customer without the required disclosures being made." (citations omitted)).

Driessen brought her suit on November 21, 2016. ECF No. 1. She entered into the contract with Innovate's successor in interest on January 3, 2014, and Innovate purchased the contract in June or May 2014. ECF No. 10 at 3; No. 50 at 10. Any nondisclosures relating to her loan for which the Defendants could be liable to Driessen occurred, for purposes of TILA, over two years before she brought her suit. Ignoring the fact that it is inadequate disclosures that lead to liability

under TILA, Driessen argues that the TILA violation occurred when the Defendants required her to make a smaller final payment than the regularly scheduled amount. ECF No. 53 at 2–4. In support, she cites only the Congressional statement of purpose for TILA, which does not in any way establish legal liability on the part of the Defendants. *Id.* The Defendants have provided competent summary judgment evidence that there were no failures to disclose on their part, and that any differing amounts were the effect of late fees resulting from Driessen's failure to make timely payments. ECF No. 50 at 6; No. 51 at 7. The Defendants have established that they are entitled to summary judgment on Driessen's TILA claim under the statute of limitations.

### III. Innovate is entitled to summary judgment on Driessen's TILA claims because it is an assignee of the original creditor and the violation does not appear on the face of the disclosure statement, pursuant to 15 U.S.C. § 1641(a).

Under 15 U.S.C. § 1641(a), a provision of TILA:

> Except as otherwise specifically provided in this subchapter, any civil action for a violation of this subchapter or proceeding under section 1607 of this title which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary.

The Defendants argue that Innovate is an assignee of the original creditor, Florida Cars USA; that the assignment by Florida Cars USA was voluntary; and that there is no violation of TILA apparent on the face of the contract. ECF No. 50 at 11. They provide evidence of these facts in the affidavits of Scott France and Eric Whiteman. ECF No. 51 at 4–5, 6–7. The Defendants therefore argue that there can be no TILA liability for Innovate pursuant to 15 U.S.C. § 1641(a). ECF No. 50 at 11.

Driessen again argues that the TILA violation occurred when the Defendants required her to make a smaller final payment than the regularly scheduled amount. ECF No. 53 at 5. Driessen's argument seems to be that this is a violation that is apparent on the face of the contract. *See id.*

7

Driessen provides no legal authority for how requiring a smaller final payment (that is, the amount left when all other regular payments on a loan have been made) at a later date is a disclosure violation, when the disclosure itself happened at a completely different time—when the parties first entered into the Contract. As in the previous section, Driessen has not made any argument that any disclosure in the Contract was in violation of TILA at the time the disclosure was made, as TILA requires. *Johnson*, CV H-16-0748, 2017 WL 1403300, at *3. Driessen also argues that Innovate is a servicer rather than an assignee of Florida Cars USA, but she provides no factual support for this claim, which the Defendants' evidence directly controverts. ECF No. 53 at 6; No. 51 at 4, 6. Summary judgment should be granted to the Defendants on Driessen's claim for violation of TILA under 15 U.S.C. § 1641(a).

**IV.    The Defendants are entitled to summary judgment based on the affirmative defenses of release and waiver, because Driessen signed the Release, which discharged all claims and causes of action relating to the repossession of her vehicle.**

"Waiver is 'the intentional relinquishment of a known right.'" *Bueno v. Workman*, 20 So. 3d 993, 998 (Fla. Dist. Ct. App. 2009) (quoting *WSG W. Palm Beach Dev., LLC v. Blank*, 990 So. 2d 708, 715 (Fla. Dist. Ct. App. 2008)). The elements of waiver are "(1) the existence of a right which may be waived; (2) actual or constructive knowledge of the right; and (3) the intent to relinquish the right." *Id.* "Proof of these elements 'may be express, or implied from conduct or acts that lead a party to believe a right has been waived.'" *Id.* (quoting *LeNeve v. Via S. Florida, L.L.C.*, 908 So. 2d 530, 535 (Fla. Dist. Ct. App. 2005)).

With respect to the affirmative defense of release, "[n]umerous Florida cases have upheld general releases, even when the releasing party was unaware of the defect at the time the agreement was executed." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 314 (Fla. 2000). In some limited circumstances, Florida courts have taken a more restrictive approach and

only enforced a release if "the released claims are those that were contemplated by the agreement." *Id.* at 315. "In order to proceed with claims that are plainly barred by the terms of [a] general release[], the plaintiff[] would have to choose rescission." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1279 (11th Cir. 2004). The prerequisite to rescission is placing the other party in status quo, and a party waives the right to rescind a contract if he or she retains the benefits of a contract after discovering the grounds for rescission. *Id.*

Defendants argue Driessen's claims are barred by release and waiver because she executed a Release on November 9, 2016, which provided that she released the auction company, the lender, and other related parties from "any and all claims, promises, and causes of action now existing or which I may have, ever had, now have, or hereinafter may arise or be discovered in any manner arising out of or relating to the condition, *repossession*, transport, or storage of the Vehicle or its accessories or contents." ECF No. 51 at 5 (emphasis added).

Driessen argues in a conclusory manner that the waiver and release do not pertain to her TILA and breach of contract claims. She cites no law or facts in the record for this argument, and as such has not raised a fact issue that would preclude summary judgment. *Stults*, 76 F.3d at 655. Driessen also argues, citing a different part of the Release, that her understanding was that the Release was only for claims relating to the physical condition of the vehicle, and not a release for claims under the Contract or TILA. ECF No. 53 at 10. Driessen does not, however, submit any evidence that such was her understanding at the time she executed the release. She additionally argues that the Defendants cannot assert affirmative defenses in a motion for summary judgment, because, according to Driessen, a defendant can only assert an affirmative defense in a 12(b)(6) motion to dismiss. *Id.* at 4. Nowhere does Federal Rule of Civil Procedure 12 state this proposition,

and Rule 56(a) clearly states that a party, in moving for summary judgment, should identify "each claim or defense—or the part of each claim or defense—on which summary judgment is sought."

Driessen objects to the Defendants' submission of the Contract and the Release into evidence, arguing that these submitted exhibits are inadmissible under Federal Rule of Civil Procedure 56(c)(2). ECF No. 53 at 8–9. Under this rule, a "party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. Pro. 56(c)(2). Driessen argues that the Contract is not admissible because it is missing a page and that the Release is not admissible because it is a copy of a document that Driessen previously filed in this case, rendering it no longer a business record. ECF No. 53 at 8–9; ECF No. 10 at 24. Driessen does not cite to the Federal Rules of Evidence or any case law requiring that evidence with the above characteristics cannot be presented in a form admissible in evidence. *See Charles v. Consol. Fabrications Constr., Inc.*, 686 Fed. App'x 300, 303 (5th Cir. 2017) (affirming where the district court excluded an affidavit on inadmissible hearsay under Rule 56(c)(2)). To the contrary, it is clear that the Contract and Release, which both parties admit to executing, are capable of being presented in a form that would be admissible in evidence and would likely have been admitted at trial. *See Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) ("This flexibility [of Rule 56(c)(2)] allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record.") These exhibits do not need to be excluded.

The Release clearly states that Driessen relinquished all claims arising out of or relating to the repossession of her vehicle. ECF No. 51 at 5. In her Complaint, Driessen states explicitly that her claim for breach of the Contract is founded on Innovate's repossession of her car. ECF No. 10

at 6. Her TILA claim, as stated in the prior parts of this Recommendation, is likewise based on her failure to make the required loan payments that led to the repossession of her car, not on the original TILA disclosures. *See supra* Parts II–III. In addition, under Florida law, Driessen would have to rescind the contract and return the benefits—that is, give her car back to Innovate—in order to proceed with claims plainly barred by a release. *Jackson*, 372 F.3d at 1279. Since she has not done so, nor tendered this performance, she has waived her right to challenge the general release. *Id.*; *Mazzoni Farms*, 761 So. 2d at 313. Summary judgment should therefore be granted for the Defendants on all claims, based on their affirmative defenses of release and waiver.

## CONCLUSION

After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Defendants' Motion for Summary Judgment (ECF No. 49).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on June 21, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE