# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ROCHELLE DRIESSEN, § § Plaintiff, § § § v. § § INNOVATE LOAN SERVICING CORP. § and CAPROCK AUTO § REMARKETING, § § Defendants. § | Civil Action No. 4:16-cv-01066-O |

## ORDER

The United State Magistrate Judge made findings, conclusions, and a recommendation (the "FCR") in this case. June 21, 2018 FCR, ECF No. 56. The FCR recommended that this Court **GRANT** Defendant Innovate Loan Servicing Corporation d/b/a Innovate Auto Finance's ("Innovate") and Defendant Caprock Auto Remarketing's ("Caprock") (collectively "Defendants") Motion for Summary Judgment (ECF No. 49), filed April 20, 2018. Plaintiff Rochelle Driessen filed objections to the FCR (ECF No. 60) on July 6, 2018. Defendants responded to those objections (ECF No. 62) on July 17, 2018. Plaintiff replied (ECF No. 65), on July 30, 2018.

The Court conducts a *de novo* review of the portions of the FCR to which a party objects. Anything that Plaintiff did not specifically object to is subject to review for plain error. For the following reasons, Plaintiff's objections are **OVERRULED**, the Court **ADOPTS** the FCR (ECF No. 56), and Defendants' Motion for Summary Judgment (ECF No. 49) is hereby **GRANTED.**

1

## I. FACTUAL BACKGROUND

The following facts are taken from this Court's June 14, 2018 Order, unless noted otherwise. Plaintiff brings this suit against Defendants for claims of failure to provide due process pursuant to the terms and conditions of the Simple Interest Retail Installment Contract (the "Contract") in violation of the Federal Truth in Lending Act (the "TILA"). Compl. ¶ 2, ECF No. 1. Plaintiff seeks damages in the amount of $13,562.51 resulting from an alleged illegal repossession of Plaintiff's vehicle. *Id.* ¶ 8.

Plaintiff purchased a 2004 Toyota Corolla (the "Vehicle") from Florida Cars USA in Miami, Florida, on January 3, 2014. *Id.* ¶ 2. Plaintiff entered into the thirty-month Contract with monthly payments in the amount of $314.45 to begin on February 17, 2014. *Id.* ¶ 9, ECF No. 1; *see id.* at Ex. A (Contract). Plaintiff began making the monthly payments to Innovate when Florida Cars USA sold the car loan to Innovate in June 2014. *Id.* ¶ 2. On August 3, 2016, Plaintiff paid Innovate for the last time in the amount of $258.74. *Id.* ¶ 3.

Plaintiff contacted Innovate and explained that after she paid $258.74 on August 3, 2016, the account balance was $0.00 and the online payment system would not accept any more payments. *Id.* On September 7, 2016, Plaintiff sent a letter to Innovate explaining the online payment system issue. *Id.* ¶ 13. Innovate mailed Plaintiff a billing statement for $390.51 with a due date of October 17, 2016, upon receipt of the letter. *Id.* ¶ 14.

On October 25, 2016, Par North America, a repossessing agent, repossessed the Vehicle after Innovate placed a repossession order due to Plaintiff's allegedly delinquent account. *Id.* ¶ 2. The repossession agent informed Plaintiff when she tried to recover property from the Vehicle that the last payment Innovate received from her was on August 3, 2016 in the amount of $258.74 and she had an outstanding balance of $390.51 due on the car loan. *Id.* ¶ 3. Innovate also told Plaintiff

that she would need to pay a $390.00 repossession fee in addition to the outstanding balance in order to have her car returned. *Id.*

On November 3, 2016, Plaintiff made a final payment to Innovate in the amount of $780.51 for the outstanding balance of $390.51 and the $390.00 repossession fee. *Id.* ¶ 7. Innovate confirmed receipt of the funds and informed Plaintiff that the Vehicle was scheduled to be auctioned by Manheim St. Pete, an automobile auction. *Id.* ¶¶ 7, 16. Caprock submitted a vehicle release form that explained that Plaintiff was responsible for all auction fees. *Id.* ¶ 17. Plaintiff paid $558.02 in auction fees and the Vehicle was released after she signed the Vehicle Redemption Receipt and Release form (the "Release"). *Id.* ¶¶ 17, 19.

On November 9, 2016, Plaintiff received a letter from Innovate dated October 26, 2016, that stated the intent to sell Plaintiff's Vehicle on November 5, 2016. *Id.* ¶ 20. The letter listed $395.63 as the "Amount Due to Redeem Vehicle" and $390.51 as the "Amount Due to Reinstate Contract." *Id.*

Plaintiff moved for summary judgment and this Court denied Plaintiff's Motion for Summary Judgment in its June 14, 2018 Order. Before the Court now is Defendants' Motion for Summary Judgment (ECF No. 49). The Magistrate Judge analyzed Defendants' Motion for Summary Judgment and recommended that the Court grant the motion. *See generally* FCR, ECF No. 56.

## II. LEGAL STANDARD

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute as to any material

fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The movant makes a showing that there is no genuine dispute as to any material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); FED. R. CIV. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id*. at 250.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. Therefore, the moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of his case where he has the burden of proof. *Id.* at 323 (comparing the standard for granting summary judgment to the standard for a Rule 50(a) directed verdict). A mere scintilla of evidence to support a non-moving party's position is insufficient to defeat a summary judgment motion; there must be

evidence on which the jury could reasonably find for the non-moving party. *Anderson*, 477 U.S. at 252.

## III. ANALYSIS OF OBJECTIONS

The Court will conduct a *de novo* review of the objections raised by Plaintiff to the FCR. Plaintiff filed the following objections to the FCR, arguing that the Magistrate Judge: (1) improperly recommended granting summary judgment when the parties failed to move for partial summary judgment; (2) improperly held that Caprock did not contract with or lend to Driessen; (3) improperly held that Plaintiff's claims are barred by the one-year statute of limitations; (4) improperly found that Innovate is an assignee of the original creditor; and (5) improperly found that Driessen signed the Release, which discharged all claims and causes of action related to repossession.." *See generally* Pl.'s Obj., ECF No. 60. For the reasons below, Plaintiff's objections are **OVERRULED**.

### A. Defendants failed to move for partial summary judgment.

The Magistrate Judge found that Defendants were entitled to summary judgment as a matter of law on all of Plaintiff's claims. *See generally* FCR, ECF No. 56. Plaintiff objects that "Defendants failed to file a partial Motion for Summary Judgment with respect to each Defendant." Pl.'s Obj. ¶ 2, ECF No. 60. However, the Defendants move for summary judgment on all claims asserted by Plaintiff. Br. Supp. Defs.' Mot. Summ. J. 5, ECF No. 50. Specifically, they move for summary judgment on all claims for all Defendants based on the statute of limitations and affirmative defenses. *See id.* Defendants also argue that Caprock is entitled to summary judgment on Driessen's breach of contract claim and TILA claim because Caprock has never had any contract with Plaintiff. *See id.*

The Court finds that in moving for summary judgment on all claims based on the statute of limitations and affirmative defenses, Defendants' motion for summary judgment was proper. *See* FED. R. CIV. P. 56(a). Defendants were not required to also file a partial motion for summary judgment as to each Defendant. *See id*. The rules of civil procedure allow parties to move for full or partial summary judgment and do not require each party to file a separate motion. *See id*. Plaintiff's objections ignore these procedural practices and are therefore **OVERRULED.**

B. **Caprock did not contract with or lend to Driessen.**

Plaintiff objects to the Magistrate Judge's finding that Caprock did not contract with or lend to Driessen and rejects the Magistrate Judge's legal reasoning that a subsidiary is not normally liable for the acts of its parents. Pl.'s Obj. ¶¶ 3–4, ECF No. 60. Plaintiff argues that the Certificate of Interested Persons "presents an issue of material fact in dispute" about whether Caprock is a subsidiary of Innovate. *Id*. ¶ 6. She also states that it is not her burden to demonstrate "how a subsidiary could be liable for actions its parent company undertook prior to the parent acquiring the subsidiary." *Id*. Defendants respond that the testimony of Scott France, the Chief Marketing Office and interim Chief Operating Officer of Innovate, established that "Caprock is a separate legal entity from Innovate." Def.'s Resp. Pl.'s Obj. ¶ 5–6, ECF No. 62.

The law is well established that a company and a subsidiary are not the same for purposes of corporate law, and a subsidiary is not normally liable for the acts of its parent. *See GalenCare, Inc. v. Mosley*, 59 So. 3d 138, 143 (Fla. Dist. Ct. App. 2011) (agreeing with a party that a parent corporation and its wholly-owned subsidiary are separate and distinct legal entities); *Phonometrics, Inc. v. Resinter N. Am. Corp.*, 124 F.3d 229 (Fed. Cir. 1997) ("It is perhaps one of the most basic propositions of corporate law that a subsidiary is not liable for acts of its parent, and vice versa . . . ."); *Orloff v. Saipem, Inc.*, 92 Fed. App'x 974, 975 (5th Cir. 2004) (affirming a

grant of summary judgment based on the principle that a subsidiary is not normally liable for the acts of its parent, much less its sister). Moreover, Plaintiff's objection that the Certificate of Interested Persons "presents an issue of material fact in dispute" does not actually present any contradictory evidence that Caprock is a subsidiary of Innovate, as required by Rule 56. *See Celotex*, 477 U.S. at 322–23. The Certificate of Interested Persons merely explains that "Caprock Auto Remarketing is an assumed name of Innovate Loan Servicing Corporation." Cert. Interested Persons, ECF 37. Therefore, the Court agrees with the Magistrate Judge that there is no issue of material fact that Caprock did not contract with or lend to Driessen. Therefore, Plaintiff's objection is **OVERRULED.**

        **C.**        **One-year statute of limitations bars Plaintiff's recovery.**

Plaintiff next objects that the Magistrate Judge improperly found that Defendants are entitled to summary judgment on Driessen's TILA claims under the one-year statute of limitations. Pl.'s Obj. ¶ 9, ECF No. 60. Specifically, Plaintiff states that the Magistrate Judge misapplied the one-year statute of limitations because the judge based the "one-year statute of limitations on a TILA non-disclosure claim." *Id.* Plaintiff contends that the proper limitations period for a right of rescission claim is three years. *Id.* Defendants assert that Plaintiff's rescission claim contradicts the pleadings and that the remedy of rescission under TILA applies only in situations in which the security interest involves a consumer's dwelling. Def.'s Resp. Pl.'s Obj. ¶ 7, ECF No. 62.

The Magistrate Judge properly applied the one-year statute of limitations to Driessen's TILA claims because Plaintiff's alleged claims were based on non-disclosure. *See* Am. Compl. 3, ECF No. 10. The rescission claim is in fact a claim that was not pleaded and is not an issue before the Court. *See generally id.* Therefore, Plaintiff's objection is **OVERRULED.**

7

### D. Innovate is an assignee of the original creditor.

Plaintiff objects to the Magistrate Judge's findings that Innovate is an assignee of the original creditor. Pl.'s Obj. ¶ 10, ECF No. 60. Plaintiff states that it was improper for the Magistrate Judge to rely on the affidavits of Scott France and Eric Whiteman as the "Defendants' evidence in support of their defense which is insufficient evidence to establish the alleged assignment." *Id*. Plaintiff also objects to the Magistrate Judge's finding that she provided no factual support for the claim that Innovate is a servicer rather than an assignee of Florida Cars. *Id*.

Having reviewed the FCR and pleadings *de novo*, the Court finds that Plaintiff has failed to make any showing that raises an issue of material fact that Innovate is an assignee. Plaintiff's only evidence that Innovate is a servicer is quoted language from Defendants' motion for summary judgment that pertains to the "servicing of her account." *Id*. Moreover, Defendants have made a showing that there is no genuine dispute as to any material fact by identifying the portions of Scott France and Erich Whiteman's affidavits that demonstrate there are no genuine issues of material fact. *See Celotex*, 477 U.S. at 322–23. Therefore, Plaintiff's objection is **OVERRULED.**

### E. Affirmative defenses entitle Defendants to summary judgment.

Plaintiff next objects that the Magistrate Judge improperly found that Defendants are entitled to summary judgment on their affirmative defense of release and waiver. Pl.'s Obj. ¶ 12, ECF No. 60. Plaintiff does not believe that Defendants properly supported their defense because she claims the release is missing a page and that it is a copy of a document she previously filed in the case, rendering it no longer a business record. *Id.*

The Federal Rules of Civil Procedure allow for an objection to material cited to for support of a fact if there is no way for that material to be introduced into evidence. FED. R. CIV. P. 56(c)(2). As the Magistrate Judge found, the Contract and Release, which both parties admit to executing,

are capable of being presented in a form that would be admissible in evidence and would likely be admitted at trial. *See Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) ("This flexibility [of Rule 56(c)(2)] allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record."). Plaintiff has failed to demonstrate that the release would be inadmissible at trial, and therefore her objection is **OVERRULED.**

Plaintiff further objects to the admissibility of the Release and Waiver arguing that when this Court adopted the Findings, Conclusions and Recommendation related to Plaintiff's motion for summary judgment, the Court based its ruling on an erroneous view of the law. Pl.'s Obj. ¶ 14, ECF No. 60. This objection does not pertain to the FCR at issue here and is therefore **OVERRULED.**

Finally, Plaintiff argued that the Magistrate Judge improperly applied Florida state law in the application of rescission of Plaintiff's right to challenge the Release. Pl.'s Obj. ¶ 12, ECF No. 60. However, the Magistrate Judge was correct in applying Florida state law because this claim pertained to the right to challenge the Release, which did not specify the governing law. *See Int'l Star Registry of Illinois v. Omnipoint Mktg., LLC*, 510 F. Supp. 2d 1015, 1021 (S.D. Fla. 2007) (quoting *Fioretti v. Mass. Gen. Life Ins. Co.,* 53 F.3d 1228, 1235 (11th Cir.1995)) ("in the absence of a contractual provision specifying the governing law, a contract (other than one for the performance of services) is governed by the law of the state in which the contract is made, i.e. where the last act necessary to complete the contract is done"). Plaintiff's objection is **OVERRULED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's objections (ECF No. 60) and reply objections (ECF No. 65) are **OVERRULED**, and the FCR (ECF No. 56) is **ADOPTED** as the findings and conclusions of the Court. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 49) is **GRANTED**. Plaintiff's claims are **DISMISSED with prejudice**. A final judgment will issue by separate order.

**SO ORDERED** on this **28th day** of **September, 2018**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**